**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS KELLY,** | : | Case No.: 1:17-CV-320 |
| Plaintiff, | : | Judge Susan J. Dlott |
| vs. | : | |
| **ACCOUNT CONTROL TECHNOLOGY, INC.** | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE, REFERENCE TO, AND ARGUMENT REGARDING ANY ALLEGED ECONOMIC DAMAGES AFTER HE STOPPED LOOKING FOR COMPARABLE EMPLOYMENT**

Defendant Account Control Technology moves this Court to exclude evidence, reference to, and argument regarding Plaintiff's claim for economic damages (and related liquidated damages) related to back pay and/or front pay after he admittedly stopped looking for comparable employment in October 2017.

### I. RELEVANT BACKGROUND

At his deposition, Plaintiff admitted that he stopped looking for comparable employment altogether after he obtained employment with Miami Valley Gaming in October 2017, until two days before his deposition, on April 9, 2018:

Q. You produced through your attorney a number of documents to us, and we'll get into them, but it looked to me like since you started working for Miami Valley Gaming, that you hadn't applied for a job anywhere else. Is that accurate?

A. That is accurate.

Q. . . . Have you searched for a job since starting at Miami Valley Gaming?

1

    A. I have.

    Q. How frequently have you searched?

    A. I just recently started looking because I had to have that surgery.

    Q. I'm sorry? You've recently started looking because of the surgery?

    A. Because I had surgery. I couldn't look for a job when I was going to be out. . . I got the job in October. . . . I didn't look for any jobs. I had my back surgery. Now the back surgery is 11 weeks past and I can start moving again, so I've started looking for a job.

    \*   \*   \*

    Q. Why did you start looking for a job two nights ago?

    A. I need to make more money.

(Kelly Dep. – Doc. 14, PageID 403:7-405:24.)

## II. DISCUSSION

A plaintiff in employment cases has a continuing obligation to look for and obtain comparable employment to mitigate his damages. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982) ("An unemployed or underemployed claimant, like all other Title VII claimants, is subject to the statutory duty to minimize damages . . . . This duty, rooted in an ancient principle of law, requires the claimant to use reasonable diligence in finding other suitable employment."). When a plaintiff stops looking for comparable employment altogether, he/or she ceases to be entitled to back pay. *See Tramill v. UPS*, 10 Fed. Appx. 250, 255 (6th Cir. 2001) (holding that a plaintiff ceased mitigating damages when he "admitted . . . that he had not applied for any other jobs after" a particular date). *See also Hunter v. Westinghouse Elec. Corp.*, 576 F.Supp.704, 721 (S.D. Ohio 1983); *Falls Stamping & Welding Co. v. Int'l Union, United Auto*, 485 F.Supp. 1097, 1155 (N.D.

Ohio); *Hansard v. Pepsi-Cola Metropolitan Bottling Co.*, 865 F.2d 1461, 1468 (5th Cir. 1989) ("A plaintiff may not simply abandon his job search and continue to recover back pay"); *Aguinaga v. United Food and Commercial Workers Int'l Union*, 854 F.Supp. 757, 769 (D. Kan.. 1994) ("A claimant's failure to search for alternative work . . . constitute(s) affirmative defenses to backpay liability"); *Thorne v. City of El Segundo*, 802 F.2d 1131, 1136 (9th Cir. 1986) ("the backpay period may terminate . . . if plaintiff has voluntarily removed herself from the job market").

Kelly admittedly removed himself from the comparable employment job market when he took the job at Miami Valley Gaming because he did not even look for employment anywhere from approximately October 10, 2017, until April 9, 2018 – a period of six months.

### III.  CONCLUSION

Because Kelly did not even look for a comparable job for a period of six months, as a matter of law, he did not exercise reasonable diligence in mitigating his damages and should be precluded from presenting evidence of alleged back pay damages after he was employed by Miami Valley Gaming.

Respectfully submitted,

*/s/ David A. Nenni*
Caroline M. DiMauro
David A. Nenni
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. 5th Street
Cincinnati, Ohio 45202
(513) 898-0050 – telephone
(513) 898-0051 – facsimile
caroline.dimauro@jacksonlewis.com
david.nenni@jacksonlewis.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on November 20, 2018, the foregoing Motion in Limine Regarding Plaintiff's Mitigation of Damages was filed with the Court's CM/ECF system, which electronically sends notice to all parties of record; and via U.S. Mail upon:

Robert A. Klingler
ROBERT A. KLINGLER CO., L.P.A.
525 Vine Street, Suite 2320
Cincinnati, Ohio 45202-3133
rak@klinglerlaw.com

*Attorney for Plaintiff Thomas Kelly*

　　　　　　　　　　　　　　　　　　　　*/s/ David A. Nenni*
　　　　　　　　　　　　　　　　　　　　David A. Nenni

4821-9595-0714, v. 1